**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRENDA G. SMERDON and RENE L. SPAULDING, her wife, | : | No. 4:16-CV-02122 |
| | : | |
| | : | (Judge Brann) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| GEICO CASUALTY COMPANY, | : | |
| | : | |
| Defendant, | : | |
| | : | |
| v. | : | |
| | : | |
| WAL-MART STORES, INC., | : | |
| | : | |
| Third Party Defendant. | : | |

**MEMORANDUM OPINION**

**JUNE 9, 2017**

## I.    BACKGROUND

While shopping at her local Wal-Mart in Mansfield, Tioga County,

Pennsylvania, Plaintiff Brenda G. Smerdon allegedly observed an unidentified

individual rob the store.[1] Upon witnessing the robbery, Ms. Smerdon, along with

several other patrons, chased the robber outside to the store's parking lot.[2] The

---

[1]    Pl.'s Compl., ECF No. 1, Ex. 1, ¶ 4.

[2]    *Id.* ¶ 5.

robber then ran into a nearby vehicle, attempting to flee the scene.[3] When she

reached the purported getaway car, Ms. Smerdon stretched her arm through the

passenger side window and attempted to grab the keys.[4]

Unfortunately for Ms. Smerdon, the car sped off, ejected her from the

vehicle, and ran her over.[5] The alleged robber was never apprehended, and the

subject vehicle turned out to be stolen.[6] Ms. Smerdon contends that, as a result of

this incident, she sustained skull fractures, traumatic brain injury, right knee

injuries, and lower extremity injuries.[7]

Further, according to Ms. Smerdon she maintained an automobile insurance

policy with Defendant GEICO Casualty Company at the time of the accident,

which included uninsured motorist coverage.[8] Nevertheless, GEICO refused to

provide coverage to Ms. Smerdon for her uninsured motorist claim by virtue of her

alleged "assumption of the risk" under the policy.[9]

---

[3]  *Id.* ¶ 4.

[4]  *Id.* ¶ 6.

[5]  *Id.*

[6]  *Id.* ¶¶ 7–8.

[7]  *Id.* ¶ 9.

[8]  *Id.* ¶ 12.

[9]  *See id.* ¶ 14; Def.'s Answer, ECF No. 4 ¶ 14.

On October 13, 2016, Ms. Smerdon initiated breach of contract and bad faith claims against GEICO in the Court of Common Pleas of Tioga County.[10] Just over one week later, GEICO removed the case to this Court.[11] Thereafter, on November 15, 2016, GEICO filed a Third Party Complaint against Wal-Mart.[12] On February 28, 2017, Wal-Mart filed a motion to dismiss the Third Party Complaint.[13] Because the Third Party Complaint fails to plead sufficient factual matter to state a plausible claim for relief, Wal-Mart's motion to dismiss is granted.

## II.    LAW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." Such a motion "tests the legal sufficiency of a pleading," and "streamlines litigation by dispensing with needless discovery and factfinding."[14] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[15]

---

[10]    ECF No. 1, Ex. 1.

[11]    Notice of Removal, ECF No. 1.

[12]    ECF No. 7.

[13]    ECF No. 16.

[14]    *In re Hydrogen Peroxide Litigation*, 552 F.3d 305, 316 n.15 (3d Cir. 2008) (Scirica, C.J.) (quoting *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.)); *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

[15]    *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U. S. 69, 73 (1984)).

This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[16]

Beginning in 2007, the Supreme Court of the United States initiated what some scholars have termed the Roberts Court's "civil procedure revival" by significantly tightening the standard that district courts must apply to 12(b)(6) motions.[17] In two landmark decisions, *Bell Atlantic Corporation v. Twombly* and *Ashcroft v. Iqbal* the Roberts Court "changed . . . the pleading landscape" by "signal[ing] to lower-court judges that the stricter approach some had been taking was appropriate under the Federal Rules."[18] More specifically, the Court in these two decisions "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[19]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[20] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[16]  *Neitzke*, 490 U.S. at 327.

[17]  *See* Howard M. Wasserman, *The Roberts Court and the Civil Procedure Revival*, 31 Rev. Litig. 313 (2012).

[18]  550 U.S. 544 (2007); 556 U.S. 662, 678 (2009); Wasserman, *supra*, at 319–20.

[19]  *Iqbal*, 556 U.S. at 670 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

[20]  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

inference that the defendant is liable for the misconduct alleged."[21] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[22] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[23]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[24] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[25]

When disposing of a motion to dismiss, a court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]."[26] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable

---

[21] *Iqbal*, 556 U.S. at 678.

[22] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).

[23] *Twombly*, 550 U.S. at 556.

[24] *Iqbal*, 556 U.S. at 679.

[25] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557 (internal quotations omitted)).

[26] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

to legal conclusions."[27] "After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss."[28] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[29]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[30]

## III.   ANALYSIS

"Where . . . substantive law recognizes a right of contribution and/or indemnity, impleader under Rule 14 is the proper procedure by which to assert such claims."[31] Federal Rule of Civil Procedure 14 (entitled "Third-Party Practice") provides at subpart (a)(1) that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to

---

[27]   *Iqbal*, 556 U.S. at 678 (internal citations omitted).

[28]   *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.).

[29]   *Iqbal*, 556 U.S. at 678.

[30]   *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).

[31]   *In re One Meridian Plaza Fire Litig.*, 820 F. Supp. 1492, 1496 (E.D. Pa. 1993).

it for all or part of the claim against it." "Third-party practice, also known as impleader, is generally permitted when the third party's liability is dependent upon the outcome of the main claim or when the third party is potentially secondarily liable to the defendant."[32] Neither of those prerequisites is satisfied here, as GEICO's liability in contract is wholly independent of Wal-Mart's alleged premises liability in tort.

This link between the third-party and underlying claims is crucial, given that "Rule 14 creates no substantive rights. Unless there is some substantive basis for the third-party plaintiff's claim he cannot utilize the procedure of Rule 14."[33] Impleader, therefore, "is not proper when the third-party plaintiff alleges only that the third-party defendant is solely liable to the plaintiff."[34]

"A defendant may not use Rule 14 to implead a third-party defendant who may have liability to the plaintiff *instead* of the defendant or in *addition* to the defendant. Rather, a defendant may use Rule 14 to implead a third-party defendant only if that third party will be liable to the *defendant* if the defendant is found liable to the plaintiff."[35] "In other words, a third party claim is not appropriate

[32] *Blais Const. Co. v. Hanover Square Assocs.-I*, 733 F. Supp. 149, 152 (N.D.N.Y. 1990) (internal quotation marks omitted).

[33] *Robbins v. Yamaha Motor Corp., U.S.A.*, 98 F.R.D. 36, 37 (M.D. Pa. 1983).

[34] *Pitcavage v. Mastercraft Boat Co.*, 632 F. Supp. 842, 845 (M.D. Pa. 1985).

[35] *United States v. Bailey*, 516 F. Supp. 2d 998, 1020 (D. Minn. 2007), *aff'd,* 571 F.3d 791 (8th Cir. 2009), and *aff'd,* 571 F.3d 791 (8th Cir. 2009).

where the defendant and putative third party plaintiff says, in effect, 'It was him, not me.'"[36]

"Impleader under Rule 14 has quite consistently been held to be within the sound discretion of the court."[37] Thus, courts are "afforded broad discretion to dismiss a third-party complaint filed under Rule 14(a)."[38]

GEICO's Third Party Complaint contains two substantive claims against Wal-Mart. The first is that Wal-Mart is solely liable for Ms. Smerdon's damages based on negligence in failing to provide adequate security, to properly train its security staff, and to warn its patrons accordingly.[39] In its responsive briefing, GEICO concedes that impleader of this first claim is procedurally invalid.[40]

Second, GEICO claims that, if Plaintiffs are entitled to recover on their underlying Complaint, Wal-Mart must also be liable to GEICO for contribution

---

[36] *Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Assocs., Inc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987).

[37] *Nat'l Fire Ins. Co. of Hartford v. Daniel J. Keating Co.*, 35 F.R.D. 137, 140 (W.D. Pa. 1964).

[38] *Allstate Ins. Co. v. Structures Design/Build, LLC*, 2016 WL 1071040, at *7 (W.D. Va. Mar. 17, 2016).

[39] Def.'s Third Party Compl., ECF No. 7, ¶ 10.

[40] ECF No. 20 at 2 ("Initially, GEICO concedes that Wal-Mart cannot be solely liable for the plaintiff and agrees that those portions of the Third Party Complaint alleging sole liability against Wal-Mart should be dismissed with prejudice.").

and/or indemnification.[41] GEICO concedes that this conclusion applies only to Plaintiffs' breach of contract claim and not their bad faith allegations.[42]

Accordingly, the narrow question that this motion presents is whether GEICO may properly implead Wal-Mart on the theory that Wal-Mart could be liable to GEICO for contribution and/or indemnification on Plaintiffs' underlying breach of contract claim. The law compels the conclusion that Wal-Mart is not properly impleaded under that theory.

A federal court sitting in diversity must apply state substantive law.[43] "In Pennsylvania, indemnification is limited to those situations in which defendants' liability is secondary or when an indemnification contract exists."[44] Consequently, where "no such contract exists" and in cases that do not involve secondary liability, "the court proceeds with the analysis as if [the third-party plaintiff] seeks contribution from the third-party defendants."[45] Because GEICO had not

---

[41] Third Party Compl. ¶ 11.

[42] ECF No. 20 at 5 ("Of course, GEICO is not suggesting that Wal-Mart would be liable with GEICO for contribution or indemnification on any bad faith verdict as this would arise out of a separate and independent tort claim.").

[43] *See Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).

[44] *Pitcavage*, 632 F. Supp. at 846 & n.2. ("Indemnification cannot be obtained in the absence of an indemnification contract or in the absence of active/passive liability.") *See also Burke v. Koch Indus.*, 744 F. Supp. 677, 680 (E.D. Pa. 1990) ("[I]ndemnification contracts are not favored by the law, and thus that they should be construed strictly, that they must establish indemnification within the four corners of the text, and that they must relate the intention of the parties with the utmost particularity.").

[45] *Pitcavage*, 632 F. Supp. at 846, n.1.

contracted with Wal-Mart for indemnification and because no facts suggesting

secondary liability for the underlying breach of contract have been alleged,

impleader on that ground is inappropriate.

That leaves impleader by way of a claim for contribution. Although this is

perhaps GEICO's strongest avenue in theory, it nevertheless is also unavailing.

"Contribution is not a recovery for the tort, but rather it is the enforcement of an

equitable duty to share liability for the wrong done by both."[46] Contribution in

Pennsylvania is governed by the Pennsylvania Uniform Contribution Among

Tortfeasors Act.[47] Under that Act, contribution is only available between (or

among) "joint tortfeasors."[48] The Act defines "joint tortfeasors" as "two or more

persons jointly or severally liable *in tort* for the same injury to persons or

property."[49] Thus, courts have recognized that "contribution is not available for

breach of contract claims," like that upon which GEICO relies here.[50]

Importantly, GEICO's proposed "arising out of the same incident" test for

joint tortfeasors in contribution cases—in addition to ignoring tort-contract

distinction—also fails to distinguish proper defendants from those who are too

---

[46] *EQT Prod. Co. v. Terra Servs., LLC*, 179 F. Supp. 3d 486, 493 (W.D. Pa. 2016) (Fischer, J.) (citing *Swartz v. Sunderland,* 403 Pa. 222, 169 A.2d 289, 290 (1961)).

[47] 42 Pa. C.S. §§ 8322–8327.

[48] 42 Pa. C.S. § 8324(a).

[49] 42 Pa. C.S. § 8322 (emphasis added).

[50] *EQT Prod. Co.*, 179 F. Supp 3d at 493.

remote to incur liability.[51] For instance, if Wal-Mart could plausibly face a contribution claim derived solely from an insurance coverage dispute, there seems to be no principled reason why GEICO could not also implead the company that manufactured the store's cash registers, anti-theft devices, or surveillance cameras, or even the automaker who designed the getaway car's keys, windows, or ignition.

Because contribution likely would not lawfully lie as to any of those parties, GEICO's "arising out of the same incident" test must be inherently flawed. As counsel for Wal-Mart suggests, this fault likely stems from the fact that the "wrongdoing" alleged against GEICO is the subsequent contractual breach of its policy with Ms. Smerdon, whereas the "wrongdoing" alleged against Wal-Mart sounds in tort and is limited to the circumstances of the original accident itself.[52]

Neither do concerns for judicial economy militate in favor of impleader. To the contrary, any suggestion that overlapping issues transcend the two complaints appears more illusory than GEICO lets on. For instance, although Ms. Smerdon's claims against GEICO may require this Court to address *contract* principles like "assumption of the risk" under the policy's terms, any negligence action against Wal-Mart might address "assumption of the risk" and contributory or comparative negligence—as those terms have been interpreted in the applicable *tort* law.

---

[51]   *See* ECF No. 20 at 4.

[52]   *See* ECF No. 21 at 4.

Last, I will consider the futility of amendment. Federal Rule of Civil Procedure 15 sets forth the mechanisms for amending a pleading prior to trial. Section 15(a)(1) applies to amendments as a matter of course. Amendment as a matter of course is inapplicable here, because GEICO elected not to make such an amendment within the two time periods provided for in that section. Section 15(a)(2), entitled "Other Amendments," explains that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The Third Circuit has "previously discussed when a court may deny leave to amend under Rule 15(a)(2)."[53] In *Shane v. Faver*, for example, then Circuit Judge Samuel A. Alito, Jr. stated that "[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."[54] "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."[55] "In assessing futility, the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."[56]

---

[53] *Holst v. Oxman*, 290 F. App'x 508, 510 (3d Cir. 2008).

[54] 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (Alito, J.).

[55] *Shane*, 213 F.3d at 115.

[56] *Id.*

"Moreover, substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend."[57] "The issue of prejudice requires that we focus on the hardship to the defendants if the amendment were permitted."[58] "Specifically, we have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories."[59]

"The decision to grant or deny leave to amend a complaint is committed to the sound discretion of the district court."[60] "Factors the trial court may appropriately consider in denying a motion to amend include undue delay, undue prejudice to the opposing party, and futility of amendment."[61] For instance, "if the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend."[62]

With that background in mind, I have considered the following factors: As previously noted, GEICO did not elect to amend its Third Party Complaint as a

[57] *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

[58] *Id.*

[59] *Id.*

[60] *Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 518 (3d Cir. 1988).

[61] *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196, 1203 (3d Cir. 1989) (quoting *Foman*, 371 U.S. at 182).

[62] *Ross v. Jolly*, 151 F.R.D. 562, 565 (E.D. Pa. 1993) (citing 6 Wright, Miller, & Kane, Federal Practice & Procedure: Civil 2d § 1487). *See also Vosgerichian v. Commodore Int'l Ltd.*, Civil Action No. 92-CV-4867, 1998 WL 966026, at * 3 (E.D. Pa. Nov 6, 1998), *aff'd sub nom Vosgerichian v. Commodore Int'l*, 191 F.3d 446 (3d Cir. 1999).

matter of course. Rather, even upon reading Wal-Mart's arguments for dismissal, it nevertheless chose to proceed to briefing. Further, the operative questions that this Memorandum Opinion addressed were primarily legal in nature, such that the repleading of additional facts would have no impact on the availability or unavailability of certain procedural channels. Finally, leave to amend would prejudice Wal-Mart, who would be required to expend additional time and resources on a case to which it possesses only a tangential connection. For those reasons, granting leave to amend would be futile, and Wal-Mart's motion to dismiss will be granted with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Wal-Mart's motion to dismiss GEICO's Third Party Complaint is granted with prejudice.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge