# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA G. SMERDON and RENE L. SPAULDING, her wife, <br><br> Plaintiffs, <br><br> v. <br><br> GEICO CASUALTY COMPANY, <br><br> Defendant. | No. 4:16-CV-02122 <br><br> (Judge Brann) |

## MEMORANDUM OPINION

### SEPTEMBER 21, 2018

There are two motions pending before the Court. The first, a Motion for Summary Judgment filed by defendant GEICO Casualty Company ("GEICO"), will be granted in part and denied in part. The second, a Motion for Partial Summary Judgment by plaintiffs Brenda G. Smerdon and Rene L. Spaulding, will be granted.

### I. BACKGROUND

On April 30, 2016, Ms. Smerdon was shopping at Wal-Mart in Mansfield, Tioga County, Pennsylvania when a robber demanded cash from a customer

service employee.[1] Ms. Smerdon and several others chased the robber out to the parking lot.[2] The robber ran toward his car which he had left running.[3]

Surveillance footage shows between five and six individuals chasing the robber as he approached his vehicle.[4] Two individuals among the several in pursuit caught up with the robber as he attempted to enter his vehicle.[5] According to their deposition testimony, one individual lunged toward the robber's legs while the other grabbed the robber's head and torso.[6] While these individuals scuffled with the robber, Ms. Smerdon arrived at the passenger side of the vehicle, opened the door, and attempted to remove the keys from the ignition.[7]

One witness states Ms. Smerdon entered the vehicle while it was still in park.[8] As the robber put the vehicle in drive and stepped on the gas, Ms. Smerdon

---

[1] Brenda Smerdon Affidavit (ECF No. 30-2) at ¶ 23; Katelyn Mowell Deposition (ECF No. 30-4) at 17.and

[2] Katelyn Mowell Deposition (ECF No. 30-4) at 31.

[3] Video of Incident (ECF No. 30-2).

[4] *Id.*

[5] Merle Thompson Deposition (ECF No. 30-6) at 3-4; Christopher Padgett Deposition (ECF No. 30-7) at 7.

[6] Merle Thompson Deposition (ECF No. 30-6) at 3-4; Christopher Padgett Deposition (ECF No. 30-7) at 7.

[7] Merle Thompson Deposition (ECF No. 30-6) at 3-4; Brenda Smerdon Affidavit (ECF No. 30-2); Video of Incident (ECF No. 30-2); David Padgett Deposition (ECF No. 30-6) at 7.

[8] Merle Thompson Deposition (ECF No. 30-6) at 3; Brenda Smerdon Affidavit (ECF No. 30-2).

was badly injured by his car.⁹ She was life-flighted to a nearby hospital and suffered serious injuries, including a skull fracture, a traumatic brain injury, and injuries to her right knee, right thigh, right ankle and left shoulder.¹⁰

Ms. Smerdon has no recollection of the incident.¹¹ In an affidavit she states that she did not know the identity of the robber, did not know that he had a stolen car, and did not know she would be run over by him in attempting to thwart his getaway.¹²

At the time of the incident, Ms. Smerdon was insured by an auto insurance policy with GIECO that contained an uninsured motorist amendment.¹³ Under that amendment, GEICO must pay certain damages that Ms. Smerdon would be "legally entitled to recover" from the operator of uninsured motor vehicle.¹⁴ The robber was naturally uninsured at the time of the incident.¹⁵

---

9. Merle Thompson Deposition (ECF No. 30-6) at 3-4; Mary Joan Vanzile (ECF No. 30-12) at 5. Although GEICO asserts the parties disagree whether the robber ran Ms. Smerdon over with the car or whether she fell backwards and hit her head on the pavement, *see* Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment As To Defendant's Second Affirmative Defense (ECF No. 37) at 1, the issue of the robber's liability is not before this Court within the pending summary judgment motions. Because this issue need not be resolved at this stage of the litigation, this Court will not decide it.

10. Defendant's Motion for Summary Judgment (ECF No. 28) at ¶ 114; Plaintiff's Answer to Defendant's Motion for Summary Judgment (ECF. No. 34) at ¶ 114.

11. Brenda Smerdon Affidavit (ECF No. 30-2).

12. *Id.*

13. GEICO Uninsured Motorist Coverage Amendment (ECF No. 28-2).

14. GEICO's Appendix to Motion for Summary Judgment (ECF No. 28-2) at 29.

15. Plaintiff's Motion for Partial Summary Judgment (ECF No. 30) at ¶ 5; Defendant's Response to Motion for Summary Judgment (ECF No. 36) at ¶ 5.

Ms. Smerdon filed a claim with GEICO seeking to recover uninsured motorist benefits.[16] As discussions between GEICO and Ms. Smerdon ensued, GEICO maintained it need not indemnify Ms. Smerdon under the uninsured motorist policy, arguing she is not legally entitled to recover damages from the robber because she voluntarily assumed the risk of her injuries.[17]

Ms. Smerdon filed a two-count complaint against GEICO in the Tioga County Court of Common Pleas alleging breach of contract and bad faith.[18] Under the breach of contract claim, she seeks a declaratory judgment requiring GEICO to cover her uninsured motorist claim.[19] Under the bad faith claim, she seeks attorney's fees, costs, and punitive damages arguing GEICO's handling of her claim amounted to bad faith under 2 Pa.C.S.A. § 8371.[20]

---

[16] GEICO Claim Activity Log (ECF No. 28-2) at 9. *See also* Plaintiff's Motion for Partial Summary Judgment (ECF No. 30) at ¶ 8; Defendant's Response to Motion for Summary Judgment (ECF No. 36) at ¶ 8; Defendant's Motion for Summary Judgment (ECF No. 28) at ¶ 11; Plaintiff's Answer to Defendant's Motion for Summary Judgment (ECF. No. 34) at ¶ 11.

[17] *Id.* at ¶ 3, 43-76. In their respective summary judgment motions and papers, the parties do not discuss the theories of liability that would entitle Ms. Smerdon to recover from the robber, so the Court does not address that issue here. Rather, the parties principally debate—and this Court therefore addresses—whether assumption of the risk operates as a total bar to Ms. Smerdon's recovery.

[18] *See* Complaint (ECF No. 1-1).

[19] *See id.* at 3-4.

[20] *See id.* at 4-5.

GEICO removed the case to the Middle District of Pennsylvania.[21] In its answer, GEICO raised assumption of the risk as an affirmative defense.[22] Currently pending before the Court are GEICO and Ms. Smerdon's cross-motions for partial summary judgment. GEICO seeks summary judgment on both the breach of contract claim and bad faith claim.[23] Ms. Smerdon seeks partial summary judgment as to GEICO's use of assumption of the risk as an affirmative defense.[24]

## II. DISCUSSION

### A. Standard of Review

Summary judgment is granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[25] A dispute is "genuine if a reasonable trier-of-fact could find in favor of the non-movant," and "material if it could affect the outcome of the case."[26] To defeat a motion for summary judgment, then, the nonmoving party

---

[21] *See* Notice of Removal (ECF No. 1). GEICO also filed a third-party complaint against Wal-Mart seeking contribution or indemnification should GEICO incur liability. *See* Third Party Complaint (ECF No. 7). Wal-Mart filed a motion to dismiss, *see* ECF No. 16, and the Court granted Wal-Mart's motion. *See* Memorandum (ECF No. 22). Wal-Mart has been dismissed from this litigation with prejudice. *See* Order (ECF No. 23).

[22] *See* Answer (ECF No. 4) at 3.

[23] *See* GEICO's Motion for Summary Judgment (ECF No. 28).

[24] *See* Smerdon's Motion for Summary Judgment (ECF No. 30).

[25] Federal Rule of Civil Procedure 56(a).

[26] *Lichtenstein v. Univ. of Pittsburgh Medical Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 252 (1986)).

must point to evidence in the record that would allow a jury to rule in that party's favor.[27] When deciding whether to grant summary judgment, a court should draw all reasonable inferences in favor of the non-moving party.[28] The same principles apply to cross-motions for summary judgment.[29] The court considers each motion independently and is not obligated to grant summary judgment for either party.[30]

### B. Assumption of the Risk

GEICO and Ms. Smerdon dispute whether the assumption of the risk doctrine as a matter of law bars Ms. Smerdon's recovery. GEICO argues that, because Ms. Smerdon voluntarily assumed the risk of her injury, she is not "legally entitled to recover" from the robber, and therefore, GEICO has no obligation to indemnify her under the uninsured motorist amendment.[31] Ms. Smerdon contends that GEICO has not satisfied each element of assumption of the risk as an affirmative defense, and thus has breached the insurance contract by refusing to cover her uninsured motorist claim.[32]

---

[27] Federal Rule of Civil Procedure 56(c)(1); *Liberty Lobby*, 477 U.S. at 249.

[28] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

[29] *Peters Township School Dist. v. Hartford Accident and Indem. Co.*, 833 F.2d 32, 34 (3d Cir. 1987).

[30] *Rains v. Cascade Industries, Inc*. 402 F.2d 241, 245 (3d Cir. 1968).

[31] *See* GEICO's Brief in Support of Motion for Summary Judgment (ECF No. 29) at 11-13; GEICO's Appendix to Motion for Summary Judgment (ECF No. 28-2) at 29.

[32] *See* Smerdon's Brief in Support of Motion for Partial Summary Judgment (ECF No. 33) at 9-14.

When adjudicating a state law claim pursuant to its diversity jurisdiction, a federal court applies the substantive law of the forum state[33]—here, Pennsylvania. Although disfavored and narrowly applied, assumption of the risk remains a viable affirmative defense under Pennsylvania law.[34] Its touchtone is whether the plaintiff, by voluntarily assuming a known risk, should be deemed to have abandoned her "right to complain" and forgive the defendant for any injuries he caused.[35]

Given that its application is a "drastic measure" barring a plaintiff's recovery,[36] to grant summary judgment on assumption of the risk as a matter of law the court must—conclusively and beyond question—find that the plaintiff was subjectively aware of a specific risk, voluntarily accepted it and acted in spite of that risk, and suffered harm contemplated by that specific risk.[37] The defendant's

---

[33] *Kaplan v. Exxon Corp.*, 126 F.3d 221, 224 (3d Cir. 1997); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

[34] *See, e.g., Stapas v. Giant Eagle, Inc.*, 153 A.3d 353, 371 (Pa. Super. 2016) (finding assumption of the risk remained viable defense but did not apply to that case). The Pennsylvania Supreme Court has twice attempted to abolish assumption of the risk, but was only able to obtain plurality support. *See Staub v. Toy Factory, Inc.*, 749 A.2d 522, 528 (Pa. Super. 2000) (citing *Howell v. Clyde*, 620 A.2d 1107 (Pa. 1993); *Rutter v. Northeastern Beaver County School District*, 437 A.2d 1198, 1206 (Pa. 1981)).

[35] *Fish v. Gosnell*, 463 A.2d 1042, 1049 (Pa. Super. 1983).

[36] *Bullman v. Giuntoli*, 761 A.2d 566, 569 (Pa. Super. 2000).

[37] *See, e.g., Zeidman v. Fisher*, 980 A.2d 637, 641 (Pa. Super. 2009) ("[T]o grant summary judgment on the basis of assumption of the risk it must first be concluded, as a matter of law, that the party consciously appreciated the risk that attended a certain endeavor, assumed the risk of injury by engaging in the endeavor despite the appreciation of the risk involved, and that the injury sustained was, in fact, the same risk of injury that was appreciated and assumed.").

burden to establish assumption of the risk is a tall order because assumption of the risk requires knowledge of a specific risk.[38] "It is not enough that the plaintiff was *generally* aware that the activity in which he was engaged had accompanying risks. Rather, the plaintiff must be aware of 'the *particular* danger' from which he is subsequently injured in order to voluntarily assume that risk as a matter of law."[39]

Upon this backdrop the Court first considers Ms. Smerdon's motion for summary judgment as to whether GEICO has established assumption of the risk as an affirmative defense. Drawing inferences in GEICO's favor, a reasonable jury could not find that GEICO met its burden to do so.[40]

First, there are no facts demonstrating that Ms. Smerdon was aware of the particular danger from which she was subsequently injured.[41] The Superior Court

---

[38] *See, e.g.*, *Bullman*, 761 A.2d at 570 (explaining courts are reluctant to find assumption of the risk unless "quite clear that the specific risk that occasioned injury was both fully appreciated and voluntarily accepted"); *Barrett v. Fredavid Builders, Inc.*, 685 A.2d 129, 131-32 (Pa. Super. 1996) (requiring evidence to establish "conclusively" that "plaintiff was subjectively aware of the risk"); *Struble v. Valley Forge Military Academy*, 665 A.2d 4, 6 (Pa. Super. 1995) (establishing assumption of the risk as a matter of law "only where it is beyond question that the plaintiff voluntarily and knowingly proceeded in the face of an obvious and dangerous condition"); *Staub*, 749 A.2d at 529 (placing burden on defendant to establish assumption of the risk).

[39] *Barillari v. Ski Shawnee, Inc.*, 986 F.Supp.2d 555, 562-63 (M.D.Pa. 2013) (citing *Bolyard v. Wallenpaupack Lake Estates, Inc.*, 3:10–CV–87, 2012 WL 629391, at *6 (M.D.Pa. Feb. 27, 2012).

[40] *Pignataro v. Port Auth. of N.Y. & N.J.*, 593 F.3d 265, 268 (3d Cir. 2010) ("After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party.").

[41] *See, e.g.*, *Barillari v. Ski Shawnee, Inc.*, 986 F.Supp.2d at 562-63 (no assumption of the risk when spectator was not subjectively aware of the risk she would be hit by skier); *Stapas v. Giant Eagle, Inc.*, 153 A.3d 353, 371 (Pa. Super. 2016) (no assumption of the risk when man who intervened in an argument was not subjectively aware of the risk of getting shot);

of Pennsylvania illustrated the specific risk requirement in *Stapas v. Giant Eagle*. There, a customer entered a convenience store and began speaking with a female employee he knew.[42] A man who had previously been banned from the convenience store entered and began yelling at the female employee, complaining about his banishment.[43] The customer stepped toward the man and attempted to mediate the disagreement.[44] As the man and female employee exited the store and continued yelling at each other, the customer followed in an effort to calm things down.[45] A physical fight ensued between the man and the customer, which escalated when the man pulled out a gun and shot the customer four times.[46] The Superior Court found that the customer had not assumed the risk of getting shot, rejecting the defendant's argument that the customer assumed a general risk of

---

*Struble v. Valley Forge Military Academy*, 665 A.2d at 4 (no assumption of the risk when student was not subjectively aware of the risk that he would be injured by a ceremonial toy cannon that fired blanks); *Barrett v. Fredavid Builders, Inc*., 685 A.2d at 131 (no assumption of the risk where insulation installer working on stilts was not subjectively aware of piece of vinyl siding that caused his injury); *see also Bullman*, 761 A.2d at 570 ("Thus, in particular, the recent decisions reflect a reluctance to find assumption of the risk applicable unless it is quite clear that the specific risk that occasioned injury was both fully appreciated and voluntarily accepted.").

[42] *See Stapas v. Giant Eagle, Inc*., 153 A.3d at 371.

[43] *Id*. at 357-59.

[44] *Id*.

[45] *Id*.

[46] *Id*. at 371-72.

being injured when he pursued and fought the belligerent man.[47] According to the Superior Court, there was no evidence that the customer was aware that the man had a gun and no evidence that the man and the customer previously held bad feelings toward each other before the shooting.[48]

Here, there are no facts that establish—let alone establish beyond question—that that Ms. Smerdon was specifically aware of the risk that the robber would run her over or otherwise cause her to fall down and strike her head on the pavement.[49] Ms. Smerdon has no recollection of the incident, did not know the identity of the robber, did not know that he had a stolen car, and did not know she would be run over by attempting to thwart his getaway.[50] Even if there were facts suggesting that she knew pursuing a robber was dangerous, awareness of a general risk does not amount to awareness of a specific risk.[51]

Second, to the extent GEICO's assumption of the risk defense turns on inferences about what Ms. Smerdon should have known concerning the risks she faced, the inquiry as to her awareness is one of actual, not inferred knowledge; that

---

[47] *Id*.

[48] *Id.*

[49] *Struble v. Valley Forge Military Academy*, 665 A.2d 4, 5-6 (Pa. Super. 1995) ("[T]he question of whether a litigant has assumed the risk is a question of law and not a matter for jury determination."); *cf. Ashmen v. Big Boulder Corporation*, 3:17-cv-104, 2018 WL 2113237 (M.D.Pa. May 8, 2018) (precluding summary judgment on assumption of the risk where factual dispute remained as to plaintiff's knowledge of a particular risk).

[50] Brenda Smerdon Affidavit (ECF No. 30-2).

[51] *Barillari v. Ski Shawnee, Inc*., 986 F.Supp.2d 555, 562-63 (M.D.Pa. 2013).

is, the Court looks to what Ms. Smerdon actually knew, appreciated, and assumed rather than what she should have known.[52] Again, there are no facts demonstrating that she was subjectively aware of the danger that would befall her.

Third, these are not circumstances where the risk of harm was so obvious that Ms. Smerdon impliedly relieved the robber from exercising regard for her safety. On this point *Handschuh v. Albert Development* is instructive. There, a plumber was working in a trench to install residential sewer pipe when the trench collapsed and killed him.[53] The plumber knew that there was a general risk that trenches can collapse at any given time, and that working on that specific trench was a particularly "delicate" operation.[54] The Superior Court rejected the defendant's argument that the "risk of cave-in in this particular case was so exigent and obvious" that the plumber impliedly relieved the defendant from exercising regard for the plumber's safety.[55] A worker operating alongside the plumber testified that although the job was "dangerous," it was not "unsafe," meaning "that you 'would never go in it.'"[56] The Superior Court concluded that "there was no

---

[52] *See Rutter v. Northeastern Beaver County School District*, 437 A.2d 1198, 1206 (Pa. 1981) (emphasizing that when evaluating assumption of the risk courts should be "concerned with what appellant actually knew, and not what the reasonable man should have known").

[53] *Handschuh v. Albert Development*, 574 A.2d 693, 694 (Pa. Super. 1990).

[54] *Id.*

[55] *Id.* at 695-96.

[56] *Id.* at 696.

assumption of an extraordinary risk under circumstances that would imply a waiver of a right to complain."[57]

Here, Ms. Smerdon was among several individuals who pursued the robber to his car and attempted to thwart his getaway. Although she, like those other individuals, may have believed the chase was dangerous, they did not believe it was so unsafe "that you would never go" toward it. Indeed, two individuals involved in the robber's pursuit testified at deposition that they were not in fear of their safety.[58] These circumstances do not suggest the presence of an extraordinary danger such that Ms. Smerdon impliedly waived her right to complain.

In sum, given prior courts' "reluctance to find assumption of the risk applicable unless it is quite clear that the specific risk that occasioned injury was both fully appreciated and voluntarily accepted" this Court concludes that assumption of the risk does not bar Ms. Smerdon's claim.[59] Ms. Smerdon's motion for partial summary judgment as to GEICO's assumption of the risk defense is therefore granted, and as a necessary corollary, GEICO's motion for summary judgment on assumption of the risk is denied.

---

[57] The Superior Court affirmed the trial court's decision to refuse to instruct the jury on assumption of the risk, and affirmed the trial court's decision to instead instruct the jury on comparative negligence.

[58] Merle Thompson Deposition (ECF No. 30-6) at 6; David Padgett Deposition (ECF No. 30-8) at 6.

[59] *Bullman v. Giuntoli*, 761 A.2d 566, 570 (Pa. Super. 2000).

To the extent GEICO questions the reasonableness of Ms. Smerdon's actions, that is an inquiry resolved through comparative negligence principles, not assumption of the risk.[60] Whether Ms. Smerdon acted reasonably remains an issue for the jury to decide.[61]

### C. Bad Faith

GEICO argues that it did not act in bad faith because it had a reasonable basis to assert assumption of the risk as an affirmative defense and did not unreasonably delay evaluating Ms. Smerdon's claim.[62]

---

[60] Although assumption of the risk and comparative negligence related, they are distinct concepts. *See, e.g.*, 42 Pa. C.S.A. § 1702 (Pennsylvania's comparative negligence statute); *Carrender v. Fitterer*, 469 A.2d 120 (Pa. 1983) (finding that comparative negligence statute had not abrogated assumption of the risk as a separate defense).

Reasonableness inures to a comparative negligence analysis rather than assumption of the risk. *Robinson v. B.F. Goodrich Tire Co.*, 664 A.2d 616, 644 (Pa. Super. 1995) ("Conduct close in time and place to the accident, on the other hand, while it may contain an element of voluntary risk-taking, does not demonstrate a deliberate abandonment of the right to complain, but rather is better judged by its reasonableness, that is, by negligence principles."); *accord Kaplan v. Exxon Corp.*, 126 F.3d 221, 225 n.4 (3d Cir. 1997) (preferring the comparative negligence approach under circumstances where "plaintiff has exposed herself to risk of future harm but has not consented to relieve the defendant of a future duty to act with reasonable care").

[61] *Bullman*, 761 A.2d at 569 ("If, despite the inapplicability of the [assumption of the risk] doctrine, the plaintiff's negligence contributed to the sustaining of injury, the apportionment of responsibility will follow naturally under comparative negligence law and the defendant will be relieved of responsibility commensurately, if not altogether."); *See also, e.g.*, *Hadar v. AVCO Corp.*, 886 A.2d 225, 228 n.4 (Pa. Super. 2005) (explaining that once assumption of the risk is inapplicable, apportionment of responsibility may proceed under a comparative negligence theory); *Barrett v. Fredavid Builders, Inc.*, 685 A.2d 129 (Pa. Super. 1996) (sending case to jury under comparative negligence principles); *Hardy v. Southland Corp.*, 645 A.2d 839 (Pa, Super. 1994) (same); *Beam v. Thiele Manufacturing, LLC.*, No. 1464 WDA 2016, 2018 WL 2049135 at *9 (Pa. Super. May 2, 2018) (affirming trial court's decision to preclude defendant from presenting evidence of plaintiff's assumption of the risk and sending case to jury as comparative negligence issue)

[62] *See* GEICO's Brief in Support of Motion for Summary Judgment (ECF No. 29) at 15-17.

To prevail on her claim for statutory bad faith under 42 Pa.C.S.A. § 8371, a plaintiff must "present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis."[63] Unreasonable delay amounts to bad faith if an "insurer knows of or recklessly disregards the lack of any reasonable basis for its delay."[64]

In the case at bar, Ms. Smerdon cannot sustain her bad faith claim. GEICO had a reasonable basis to question coverage because assumption of the risk remains a valid defense under Pennsylvania law. The fact that GEICO erroneously relied upon assumption of the risk in this case does not advance Ms. Smerdon's bad faith claim because the "presence or absence of bad faith does not turn on the legal correctness of the basis for an insurer's denial of an insured's claim."[65]

Even if this Court were to assume GEICO lacked a reasonable basis to rely upon assumption of the risk as an affirmative defense, Ms. Smerdon cannot point

---

[63] *Rancosky v. Washington National Insurance Co.*, 170 A.3d 364, 377 (Pa. 2017); *accord Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 543 (3d Cir. 2012).

[64] *Ania v. Allstate Ins. Co.*, 161 F.Supp.2d 424, 430 n. 7 (E.D.Pa. 2001).

[65] *CRS Auto Parts, Inc. v. National Grange Mut. Ins. Co.*, 645 F.Supp.2d 354, 368 (E.D.Pa. 2009) (explaining "presence or absence of bad faith does not turn on the legal correctness of the basis for an insurer's denial of an insured's claim."); *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 505 (Pa. Super. 2004) ("We also note that insurers should not be faulted for taking a reasonable legal position when the state of the law in a particular area is unclear or in flux.") *cf. Allstate Insurance Company v. Lagreca*, No. 13-6039, 2017 WL 959543, at *2 (M.D.Pa. Mar. 13, 2017) (explaining that although highly relevant, the presence of supporting legal authority does not "automatically defeat a bad faith claim" because examining what constitutes a reasonable basis is a fact-sensitive inquiry guided by the facts of a particular case).

to clear and convincing evidence that GEICO knew or recklessly disregarded that lack of a reasonable basis. Her burden is substantial: "Bad faith must be proven by clear and convincing evidence and not merely insinuated. This heightened standard requires evidence so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether or not the defendants acted in bad faith."[66] Ms. Smerdon appears to insinuate that GEICO's decision to change its theory from comparative negligence to assumption of the risk constitutes bad faith, but insinuations alone do not permit her to surmount the high burden she faces. And to the extent Ms. Smerdon argues that GEICO's erroneous legal determination alone amounted to recklessness, Pennsylvania courts have made clear that bad judgment does not equate to bad faith.[67]

Ms. Smerdon also cannot show GEICO unreasonably delayed handling her claim. The parties communicated with each other over several months in an effort to resolve the dispute.[68] As GEICO and Ms. Smerdon engaged in these discussions, GEICO advised that it would need a copy of the police report and surveillance video before determining whether or not Ms. Smerdon was entitled to

---

[66] *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 543 (3d Cir. 2012); J*C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004) (explaining plaintiff's burden at summary judgment is "commensurately high in light of the substantive evidentiary burden [she faces] at trial").

[67] *Post*, 691 F.3d at 543; *Terletsky v. Prudential Property and Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994).

[68] Defendant's Motion for Summary Judgment (ECF No. 28) at ¶ 12-40; Plaintiff's Answer to Defendant's Motion for Summary Judgment (ECF. No. 34) at ¶ 12-40.

uninsured motorist benefits.[69] At the time Ms. Smerdon filed her two-count complaint in Tioga County, she still had not received the police report.[70] Consequently, any delay incurred in GEICO's resolution of her claim cannot be construed as unreasonable.

Because no reasonable jury could find in Ms. Smerdon's favor, we grant GEICO's motion for summary judgement on Ms. Smerdon's bad faith claim.[71]

### III. CONCLUSION

For the reasons discussed above, GEICO's Motion for Summary Judgment will be granted in part and denied in part. Ms. Smerdon's Partial Motion for Summary Judgment will be granted. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[69] Defendant's Motion for Summary Judgment (ECF No. 28) at ¶ 17; Plaintiff's Answer to Defendant's Motion for Summary Judgment (ECF. No. 34) at ¶ 17.

[70] Defendant's Motion for Summary Judgment (ECF No. 28) at ¶ 40; Plaintiff's Answer to Defendant's Motion for Summary Judgment (ECF. No. 34) at ¶ 40.

[71] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).